United States District Court
Southern District of Texas
**ENTERED**
February 15, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| **ROBERTO MONTES, JR.,** | § | |
| | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:21-CV-38** |
| | § | **CRIMINAL ACTION NO. 5:18-CR-287** |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Respondent.** | § | |

## AMENDED REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Federal Prisoner Roberto Montes, Jr. (BOP Reg. No. 38477-479) has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Dkt. No. 1).[1] This motion initiated the instant civil action for collateral or habeas corpus review. The District Court referred this case to the Undersigned on September 19, 2021, for a report and recommendation on dispositive motions concerning the § 2255 petition. (Dkt. No. 28). After reviewing Petitioner's submissions, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Undersigned recommends that the District Judge **DENY** Montes' motion and **GRANT** summary judgment in favor of the Government.

---

[1] Unless otherwise noted, "Dkt." indicates a citation to the record in the civil action that has been opened for this collateral-review proceeding under 28 U.S.C. § 2255. "Cr. Dkt." indicates a citation to the record in the underlying criminal case. Page numbers refer to the pagination assigned to the docket entries by the court's electronic filing system, CM/ECF.

## I. Procedural History

### A. Conviction and Direct Appeal

On April 2, 2019, Montes entered a guilty plea pursuant to a written plea agreement to Count Two of the superseding indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Cr. Dkt. Nos. 29 and 81). On September 23, 2019, the Court sentenced Montes to 108 months of imprisonment. (Cr. Dkt. No. 100 at 2).

Montes timely filed for direct appeal of his conviction and sentence on October 7, 2019. (Cr. Dkt. No. 81). Montes' appellate attorney filed a motion to withdraw along with an *Anders* brief.[2] Montes then filed a *pro se* response in which he argued that his due process rights were violated due to incorrectly applied sentencing enhancements. On October 21, 2020, the Fifth Circuit Court of Appeals dismissed the appeal, concurring with appellate counsel's position that the appeal presented no nonfrivolous issue for appellate review. (Cr. Dkt. No. 116).

### B. Post-Conviction Motion under 28 U.S.C. § 2255

On March 11, 2021, Montes filed his *pro se* motion for relief under § 2255. (Dkt. No. 1). His motion claims that his attorney was ineffective because his attorney:

1) Improperly advised Montes to withdraw a motion to suppress (*Id.* at 10);

2) Failed to advise Montes that the Government's evidence was insufficient to support a conviction, which resulted in an involuntary plea (*Id.*); and

3) Failed to object to the District Court's application of various enhancement

---

[2] *Anders v. California*, 386 U.S. 738 (1967). An *Anders* brief is filed when appellate attorneys believe their client's appeal is frivolous.

during the calculation of Montes' sentencing guidelines offense level and guideline range of imprisonment (*Id.* at 12-16).

Specifically, with respect to the first claim, Montes asserts that his counsel should have pursued a motion to suppress because Montes did not possess a device capable of causing destruction to a building or property or major injury to a person, and therefore, Montes' Fourth Amendment rights were allegedly violated during a raid. (*Id.* at 10). Similarly, with respect to the second claim, Montes asserts that his plea of guilty was involuntary because his counsel allegedly failed to recognize and advise Montes there was insufficient evidence to prove that Montes' grenades were "destructive devices" as defined by statute. (*Id.* at 9). With respect to the third claim, Montes asserts that certain specific offense characteristics should not have been applied to his offense level calculation under the sentencing guidelines, and that his counsel failed to object when the enhancements were applied during Montes' sentencing hearing. (*Id.* at 12-16).

On October 28, 2021, the Court granted Montes' motion for leave to supplement his § 2255 petition. (Dkt. No. 8). In his amended motion, Montes added additional facts and argument supporting his claims which were substantially similar to those in his original § 2255 petition. (Dkt. No. 7).

On July 13, 2022, the Government responded to all Montes' claims, asserting that the Court should deny Montes' § 2255 petition and grant summary judgment in favor of the Government. (Dkt. No. 26). The Government argued that Montes' first two claims are waived by his voluntary and intelligent plea. (*Id.* at 18-29). The

Government then argued that the third claim in Montes' motion should be denied because Montes cannot show a reasonable probability that he would have received a lesser sentence without the alleged errors at sentencing. (*Id.* at 19-20, 29-32).

On July 28, 2022, Montes filed a response to the Government's motion for summary judgment. (Dkt. No. 27). Montes disputed the voluntariness of the plea agreement, stating his counsel misled him to believe that he could face a possible 30-year sentence by not accepting the plea agreement. (*Id.* at 2). Montes further stated that a proper calculation (without the grenade enhancements) warranted a base level offense of 21 minus 3 points for acceptance of responsibility, which would have corresponded to a potential sentence of 33 to 41 months with a Criminal History of III.

## II. Legal Standard

After a defendant has been convicted and has exhausted or waived any right to appeal, a court is normally "entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citations omitted). "As a result, review of convictions under [28 U.S.C. § 2255] ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). In other words, relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v.*

*Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). If the reviewing court concludes that the prisoner's motion is meritorious, it must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Montes is representing himself throughout his proceedings under § 2255. It is a court's "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam). As a result, a *pro se* litigant's pleadings are entitled to a liberal construction and are subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Judicial scrutiny of counsel's performance is highly deferential. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied*, 509 U.S. 921 (1993). On post-conviction review, trial counsel are entitled to a strong presumption that they "rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). To overcome the presumption of competence, the petitioner must establish (1) that counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. Ultimately, the

determination of whether counsel has rendered reasonably effective assistance turns on the totality of facts in the record. *Id.* at 695.

As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). A plea's validity may not be collaterally attacked because the defendant made what turned out, in retrospect, to be a poor deal. *Bradshaw v. Stumpf*, 535 U.S. 175, 186, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). By pleading guilty to an offense, a defendant waives all non-jurisdictional defects preceding the plea. *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993). This includes claims for ineffective assistance of counsel except when the ineffectiveness is alleged to have rendered the guilty plea involuntary. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

Any challenge to a district court's application of the Sentencing Guidelines in a § 2255 motion is not cognizable on collateral review. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *Cervantes*, 132 F.3d at 1109; *Vaughn*, 955 F.2d at 368. To show prejudice related to counsel's performance at sentencing, a defendant must demonstrate that but for counsel's alleged errors, there is a reasonable probability that he would have received a lower sentence. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004).

"'A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner

is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

## III. Discussion

### A. The Claims in the § 2255 Motion are not Meritorious.

The District Judge should dismiss the claims in Montes' § 2255 motion because they lack merit. The Undersigned will briefly address the merits of each claim in turn.

#### 1. Withdrawal of the Motion to Suppress

Liberally construed, Montes' first claim asserts that his trial counsel improperly advised Montes to withdraw a motion to suppress. (Dkt. No. 1. at 10). Specifically, Montes asserts that his counsel should have pursued a motion to suppress because Montes did not possess a device capable of causing destruction to a building or property or major injury to a person, and therefore, Montes' Fourth Amendment rights were allegedly violated during a raid. (*Id.*)

Montes' first claim is meritless because he knowingly and voluntarily pled guilty. Montes' attorney filed a motion to suppress, but a notice was later filed in which Montes' attorney notified the Court that Montes intended to plead guilty via a written plea agreement. (Cr. Dkt. Nos. 68 and 76). At his plea hearing, Montes stated to the U.S. Magistrate Judge presiding over the plea that he was pleading guilty freely and voluntarily because he committed the charged conduct. (Cr. Dkt. No. 113 at 71). The same language is included in the plea agreement which Montes signed. (Cr. Dkt. No. 81).

The Supreme Court has stated:

The focus of the federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence of an antecedent

constitutional infirmity. . . . [W]hile claims of prior constitutional
deprivations may play a part in evaluating the advice rendered by
counsel, they are not themselves independent grounds for federal
collateral relief. . . . A guilty plea represents a break in the chain of
events which has preceded it in the criminal process. When a criminal
defendant has solemnly admitted in open court that he is in fact guilty
of the offense with which he is charged, he may not thereafter raise
independent claims relating to the deprivation of constitutional rights
that occurred prior to the entry of the guilty plea. He may only attack
the voluntary and intelligent character of the guilty plea . . . .

*Tollet v. Henderson*, 411 U.S. 258, 266-67 (1973). By pleading guilty to an offense,

therefore, a defendant waives all non-jurisdictional defects preceding the plea,

including claims of ineffective assistance of counsel except when the ineffectiveness

is alleged to have rendered the guilty plea involuntary. *Owens*, 996 F.2d 59 at 60.

Montes cannot claim that his attorney was ineffective due to the withdrawal of the

motion to suppress because the motion was filed and Montes could have chosen to

urge the motion. Rather, he voluntarily chose to accept the plea agreement and plead

guilty.

For these reasons, Montes' first claim that his trial counsel improperly advised

him to withdraw the motion to suppress fails.

### 2. Insufficiency of Evidence

Similarly, Montes' second claim asserts that his counsel allegedly failed to

recognize and advise Montes there was insufficient evidence to prove that Montes'

grenades were "destructive devices" as defined by statute. (Dkt. No. 7 at 1-2). Montes'

argument is flawed.

Title 18, United States Code, §§ 922(g)(1) and 924(a)(2) make it a crime for a

convicted felon to knowingly possess a firearm. § 921 under the same Title provides

that a "destructive device" qualifies as being a "firearm."

As part of his guilty plea before the Magistrate Judge, Montes admitted facts which were sufficient to support his plea of guilty. (Cr. Dkt. No. 113). First, Montes signed a Factual Statement in Support of Plea Agreement, in which he admitted that he knowingly possessed a firearm while also knowing he was a convicted felon. (Cr. Dkt. No. 83). The factual basis contains a list of all items seized from Montes during the execution of a search warrant, to include a 9mm handgun, twelve rounds of 9mm ammunition, a box of 500 rounds of .22lr ammunition, grenade components, and smokeless powder, among other items were seized. (*Id.* at 16-17). Montes further admitted that he knew he was a convicted felon when he loaded a magazine into a handgun found at his residence and shot a handgun at a shooting range. (*Id.*).

Even if, as Montes claims, there was insufficient evidence to prove that Montes' grenades were "destructive devices" as defined by statute, there was ample evidence that Montes possessed a handgun. His possession of the handgun, alone, would sustain a § 922(g)(1) conviction. *See, e.g.*, *United States v. Wheeler*, No. 19-11022, 2022 WL 17729412 (5th Cir. Dec. 12, 2022).

Second, during the plea hearing itself, the Magistrate Judge asked Montes if he was pleading freely and voluntarily because it was true that he committed the charged conduct of being a felon in possession of a firearm. Montes responded, "Yes, your honor." (Cr. Dkt. 113 at 71).

For these reasons, Montes' second claim that his attorney was ineffective also

fails.

### 3. Failure to Object at Sentencing

Montes' third claim asserts that his attorney was ineffective because the attorney failed to object to the District Court's application of various enhancement during the calculation of Montes' sentencing guidelines offense level and guideline range of imprisonment. Montes argues that his attorney should have objected because Montes lacked parts and tools to assemble 26 grenades. (Dkt. No. 2 at 9). For example, Montes did not have enough powder to assemble 26 grenades. (*Id.* at 12-13). Nor did he have a diamond-tipped drill. (*Id.* at 7). Montes' argument fails.

To determine the number of firearms involved in an offense, the Court counts firearms unlawfully possessed *and* those "unlawfully sought to be obtained." U.S.S.G. § 2K2.1(b)(1) & app. n.5. This includes inert grenades. *See United States v. Maturino*, 887 F.3d 716, 721-22 (5th Cir. 2018) (holding, for offense-level purposes, a court tallies grenades possessed *and* pursued). At Montes' sentencing hearing, the Court found that the presentence investigation report was correctly scored and adopted the findings in the report. (Cr. Dkt. No. 94). The report included a Destructive Device Determination by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), indicating that Defendant possessed a combination of parts designed and intended to be used in the construction of 26 improvised explosive grenades. (*Id.* at 12). Even though Montes lacked parts and tools to assemble 26 operable grenades, the report showed he sought to obtain 26 grenades, which are firearms within the meaning of § 2K2.1(b). His offense-level calculation was proper, and counsel would have raised a

frivolous objection to the Court had he raised Montes' argument. Counsel cannot be deficient for failing to raise a frivolous point. *Vasquez v. Stephens*, 597 F. App'x 775, 780 (5th Cir. 2015).

Additionally, Montes' guideline range of imprisonment was 168 to 210 months, but the statutory maximum sentence he could receive was 120 months. (Cr. Dkt. No. 94). In the end, Defendant was sentenced to 108 months. (Cr. Dkt. No. 100). Montes has not and cannot demonstrate with reasonable probability that he would have received a lesser sentence without the alleged errors at sentencing. *Grammas*, 376 F.3d at 439.

For these reasons, Montes' third claim that his attorney was ineffective at sentencing also fails.

## IV. Conclusion

The Undersigned **RECOMMENDS** that no hearing on Montes' § 2255 motion is necessary because the record conclusively shows that Montes is not entitled to any relief. *Bartholomew*, 974 F.2d at 41. Based on the foregoing, the Undersigned **RECOMMENDS** that the District Judge **DENY** Montes' § 2255 motion and **GRANT** summary judgment in favor of the Government. (Dkt. No. 1).

## V. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts requires a district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Undersigned concludes that reasonable jurists would not debate whether the pending motion to vacate under § 2255 should be denied. The Undersigned therefore **RECOMMENDS** that the District Judge **DENY** a certificate of appealability in this case.

## VI. Notice of Right to Object

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review *de novo* those portions of the report or specified proposed findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive

further evidence or recommit the matter to this Court with instructions. 28 U.S.C. § 636(b)(1)(C). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas*, 474 U.S. at 150.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice. *Douglass*, 79 F.3d at 1428.

The Court **DIRECTS** the Clerk of the Court to mail Petitioner a copy of this Report and Recommendation by certified mail return receipt requested at the address indicated in his most recent filing.

**SIGNED** on February 15, 2023.

Christopher dos Santos
United States Magistrate Judge