Case 5:21-cv-00038 Document 49 Filed on 10/13/23 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ROBERTO MONTES, JR., | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:21-CV-38 |
| | § | CRIMINAL ACTION NO. 5:18-CR-287 |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Petitioner Roberto Montes, Jr.'s motion for leave to file notice of appeal. (Dkt. No. 48). This motion was referred to the Undersigned by United States District Judge Marina Garcia Marmolejo for a report and recommendation. Upon review of the procedural history, relevant pleadings, and applicable law, the Undersigned recommends Montes' motion be **DENIED**.

### I. BACKGROUND

On April 7, 2021, Montes filed his pro se motion for relief under 28 U.S.C. § 2255. (Dkt. No. 1). On February 15, 2023, the Undersigned issued an amended report and recommendation advising the District Judge deny Montes' 2255 motion. (Dkt. No. 39). On May 26, 2023, the District Judge issued an order and final judgment adopting the amended report's analysis and conclusion, dismissing Montes' claims with prejudice, and denying a certificate of appealability (COA). (Dkt. Nos. 45 and 46). On May 30, 2023, the Clerk of Court sent Montes a copy via regular mail. (Dkt. No. 47).

On September 19, 2023, Montes filed the instant motion requesting the Court reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). (Dkt. No.

1

48). Montes attached to the motion an accompanying notice of appeal. (Dkt. No. 48-1). In the notice of appeal, Montes lists three new issues for which he seeks a COA. (*Id.*). The first concerns collateral attack waivers, the second challenges the constitutionality of the felon-in-possession statute, and the third is an ineffective assistance of counsel claim. (*Id.*).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of entry of judgment. When set by statute, the time limitation for filing a notice of appeal in a civil case is jurisdictional. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, — U.S. —, 138 S. Ct. 13, 17 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Habeas petitions under 28 U.S.C. § 2254 are civil actions and motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 are considered quasi-civil, meaning that both are subject to Rule 4(a) for purposes of determining the time to appeal. *See U.S. v. Hayman,* 342 U.S. 205 (1952); *see also United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) ("As a section 2255 proceeding is civil and has the government as a party, the sixty-day limit of Fed. R. App. P. 4(a) applies.").

A motion for leave to extend the time to appeal is governed by Rule 4(a) of the Federal Rules of Appellate Procedure. There are two avenues in Rule 4(a) "for rescuing [an] appeal through a late-filed notice of appeal." *Resendiz v. Dretke*, 452 F.3d 356, 358 (5th Cir. 2006) (citing *Wilkens v. Johnson*, 238 F.3d 328, 330 (5th Cir.

2001)). A prospective appellant may file a motion for an extension of time under Rule 4(a)(5) or he may seek to reopen the time to appeal under Rule 4(a)(6).

Rule 4(a)(5) provides that a district court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5) (2023). If the request for an extension of time to appeal was not made within sixty days of entry of judgment, Rule 4(a)(5) is not available.

Under Rule 4(a)(6), a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if *all* of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (2023) (emphasis added); *see also, In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992) (recognizing that even where all requirements are met, the decision to reopen time to file appeal is within the court's discretion). A party seeking to reopen the time to file an appeal has the burden to prove that he did not receive notice of the judgment. *See Jennings v. City of Bryan*, Civil Action No. H-07-3916, 2008 WL

11502067 , at *1 (S.D. Tex. Aug. 6, 2008) (citing *McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002)). To meet this burden, it is incumbent on the moving party to present some evidence. *See id*. (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995)). Prior mail history with the court and records of prison mail log may serve as proof that a court order was (or was not) delivered to the movant. *See, e.g., United States v. Jackson*, Crim. No. H-10-412-022016 WL 3866610, at *3 (S.D. Tex. July 13, 2016).

Moreover, the Fifth Circuit may not consider an appeal from the denial of a Section 2255 motion for relief unless either the district court or the Fifth Circuit first issues a COA. *United States v. Hall*, 455 F.3d 508, 513 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a COA when it enters a final order adverse to the applicant. If the district court denies a COA, no appeal may be taken, but a COA may be sought from the court of appeals. *Samarripa v. United States*, No. A-11-CR-360(14)-SS, 2013 WL 12113202, at *1 (W.D. Tex. Mar. 13, 2013). But the Fifth Circuit "generally will not consider a claim raised for the first time in a COA application." *Robert v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003).

### III. ANALYSIS

#### A. Federal Rule of Appellate Procedure 4(a)(6)

Rule 4(a)(6) provides that a district court may reopen the time to file an appeal if the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after its entry,

but only if "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under [Rule 77(d)] of the entry, *whichever is earlier*." Fed. R. App. P. 4(a)(6) (emphasis added). In other words, the rule "thus allows a court to extend the filing period for a party that receives notice of an order more than three weeks (but less than six months) after its entry." *Perez-Morales v. Quarterman*, No. CV M-09-138, 2011 WL 13123879 (S.D. Tex. Oct. 27, 2011) (citing *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1202 (5th Cir. 1993).

On September 19, 2023, Montes filed the instant motion requesting the Court to reopen the time to appeal under Rule 4(a)(6). (Dkt. No. 48). The Undersigned notes this is one hundred sixteen (116) days after entry of the final judgment and one hundred twelve (112) days after the Clerk of Court sent Montes a copy via regular mail. (Dkt. Nos. 46, 47). Timing issues aside, the Undersigned finds Montes does not meet the criteria under Rule 4(a)(6) because he has presented no claim or evidence to the Court that he did not receive the final judgment. (Dkt. Nos. 48 and 48-1). In fact, Montes reports he lacked access to his documents due to "being ill, institutional lockdowns, and a water pipe that burst." (Dkt. No. 48 at 1). This indicates that he did receive the final judgment, but for a variety of factors was delayed in filing his motion. To succeed on a Rule 4(a)(6) motion the moving party must satisfy all three requirements imposed by Rule 4(a)(6). *Jackson*, Crim. No. H-10-412-022016 at *1. Here, Montes has failed to satisfy Rule 4(a)(6)'s first.

### B. Appealing Denial of a COA

Rule 11 of the Rules Governing Section 2255 Proceedings in United States District Courts reads as follows:

5

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). *If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.* A motion to reconsider a denial does not extend the time to appeal.

(Rules Governing Section 2255 Proceedings in the United States District Courts — 28 U.S.C.A. Foll. § 2255, Federal Habeas Manual Appendix C) (emphasis added). In Montes' accompanying notice of appeal, he states he appeals this court's "5-26-2023 and 02-15-2023 orders." (Dkt. No. 48-1 at 1). Regarding this contention, the District Judge has already determined Montes is not entitled to a COA. (Dkt. Nos. 45 and 46). As detailed above, Montes may not appeal the denial but may seek a COA from the court of appeals under Federal Rule of Appellate Procedure 22.

### C. Raising Issues for the First Time in a COA

Finally, in the notice of appeal, Montes lists three new issues for which he seeks a COA. (Dkt. No. 48-1). The first concerns collateral attack waivers, the second challenges the constitutionality of the felon-in-possession statute, and the third is an ineffective assistance of counsel claim (*Id.*). Because the Fifth Circuit declines to address claims raised for the first time on appeal and deems those issues waived, the new issues Montes seeks a COA for should not be considered. *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997).

### IV. RECOMMENDATION

For the foregoing reasons, the Undersigned recommends Petitioner's motion for leave to file notice of appeal, (Dkt. No. 48), should be **DENIED**.

The Clerk of the Court will send a copy of this Order to Petitioner Roberto Montes, Jr. via certified mail with a return receipt requested.

### NOTICE TO PARTIES

The Clerk will file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** on October 13, 2023, at Laredo, Texas.

Christopher dos Santos
United States Magistrate Judge